UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RIGOBERTO FELIPE MONIER, | ) | CASE NO. 4:07 CV 466 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THE BUREAU OF PRISONS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 20, 2007, pro se plaintiff Rigoberto Felipe Monier filed this Bivens[1] action against the Bureau of Prisons ("BOP"), the former Elkton Federal Correctional Institution ("FCI-Elkton") Warden Mark Bezy, BOP Central Office Administrator of Inmate Appeals Harrell Watts, current FCI-Elkton Warden T.R. Sniezek, FCI-Elkton Captain W. Odom, FCI-Elkton Lieutenant T. Montgomery, FCI-Elkton Disciplinary Hearing Officer ("DHO") S. Biafore and FCI-Elkton Unit Manager S. Burns.  In the complaint, plaintiff alleges that he was wrongfully convicted of a disciplinary offense which resulted in his transfer to another prison.  He seeks $ 8,000,000.00 from each defendant and full restoration of his good time credits.

## Background

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).  While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

In June 2004, while Mr. Monier was a prisoner at FCI-Elkton, a disciplinary report was lodged against him for allegedly authoring a threatening note directed at another inmate, Mr. Giminez.  The note, which indicated that necessary steps would be taken to cut Mr. Giminez's throat anywhere on the compound, was dropped in the health services department of the prison.  (Compl. Ex. 18.)  Mr. Giminez was interviewed and allegedly informed prison officials that "for some unknown reason [Mr. Monier] had been upset with him."  (Compl. Ex. 18.)  A note mentioning Mr. Giminez was also found in Mr. Monier's locked foot locker.  Lieutenant Montgomery examined the two notes and determined that the handwriting was similar.  The DHO further noted that Mr. Monier had been involved in a similar incident in February 1999 in which he had allegedly written a note threatening to slash the throat of another inmate when the inmate was released from the segregation unit.  (Compl. Ex. 18.)  Mr. Monier denied writing the note which threatened Mr. Giminez and claimed to have had "no problem or animosity" toward that inmate.  Nevertheless, he was found guilty of the infraction of Threatening Bodily Harm and was sanctioned by the DHO on July 1, 2004 to 27 days loss of Good Time Credit, 30 days Disciplinary Segregation, and a recommended Disciplinary Transfer.

During Mr. Monier's stay in the segregation unit, Mr. Giminez was transferred to the Immigration Detention Department.  Mr. Monier contends that although he had never been considered a threat to other inmates at FCI-Elkton, he was held in administrative segregation for 175 days and transferred from the institution.  Mr. Monier claims that when Mr. Giminez was transferred, there was no longer a reason to keep him in segregation.  He states that by failing to release him from segregation at that point, prison officials violated the regulations contained in 28 C.F.R. § 541.22(a)(1-6); (b,c), (c)(1) and therefore denied him due process.

Mr. Monier also continues to dispute the DHO's determination that he was the author of the threatening note. He contends that prison officials were negligent in their investigation by not obtaining a handwriting expert to review the two notes. Mr. Monier obtained a handwriting expert to examine the two notes in 2005. It is the conclusion of the expert that the two notes were written by different authors. Using this information, Mr. Monier filed a Bivens action in the United States District Court for the Northern District of Ohio. That action, Case No. 4:05 CV 2072, assigned to United States District Judge James S. Gwin, was dismissed without prejudice for failing to exhaust administrative remedies. Mr. Monier attempted to refile his grievances and was told that they were untimely. He now submits the within action.

Mr. Monier includes claims against each of the defendants. He contends that the BOP employed individuals who did not adhere to the code of regulations and denied him due process. He claims Harrell Watts failed to conduct a proper investigation of the handwriting of the notes and was deliberately indifferent to his filings. He claims former Warden Bezy kept him in administrative segregation even after inmate Giminez was transferred, which Mr. Monier claims was a violation of his due process rights. He claims he spoke to Warden T.R. Sniezek after Warden Bezy left FCI-ELkton. He states that Mr. Sniezek continued the administrative segregation imposed by Warden Bezy and pressed for his transfer to another institution. He claims Mr. Sniezek also violated his rights under the Privacy Act by maintaining his prison records with information of this disciplinary conviction. Mr. Monier claims that Captain Odom also kept him incarcerated in the segregation unit and subjected him to harsh conditions of confinement in which toothpaste, tooth brushes and soap were not issued for three weeks. He contends that Lieutenant Montgomery and DHO Officer S. Biafore denied him due process by concluding that Mr. Monier was the author

of the threatening note. Finally, Mr. Monier claims that Ms. Burns denied him due process by recommending to the DHO that he be found guilty of writing the threatening note.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, several of the defendants are not subject to suit in this matter. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). The United States government has not waived its sovereign immunity for Bivens claims. Consequently, Bivens claims asserted against the United States, its agencies, or its employees in their official capacities must be dismissed. Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991). Mr.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

Monier cannot bring a Bivens claim against the BOP.

Furthermore, it is clear that Mr. Watts is included in the complaint because he is part of the inmate appeals process. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999). As Mr. Monier has failed to allege facts to reasonably indicate this defendant engaged in other activities which violated Mr. Monier's constitutional rights, the claims against Mr. Watts are dismissed.

Proceeding to the merits of Mr. Monier's causes of action, the court finds he has failed to state a claim upon which relief may be granted. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This court has repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate. Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir.1997); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). Similarly, Mr. Monier has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Cash v. Reno, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997). Although Sandin did not deal specifically with transfers, its rationale applies to any change in a prisoner's security classification or in his place of incarceration. Cash, No. 97-5220, 1997 WL

809982, at *2. Neither of these factors implicates a liberty interest protected by the Due Process Clause.

A liberty interest may be implicated if a loss of good time credits is suffered. Sandin, 515 U.S. at 483. Although Mr. Monier lost good time credits as part of the disciplinary sanction, he cannot bring his claim under 42 U.S.C. § 1983. He seeks as relief restoration of his good time credits. Because an action for restoration of good time credits in effect attacks the duration of the sentence, Mr. Monier's sole remedy lies in habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Finally, Mr. Monier's claim under the Privacy Act is misplaced. Bureau of Prisons Inmate Records systems are exempt from the requirements of 5 U.S.C. § 552a(j)(2). Plaintiff therefore cannot maintain a cause of action under this provision.

## Conclusion

Accordingly, this action is dismissed pursuant to §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 6/5/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE